**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Reginald Scott Hubbard,

Defendant.

**MEMORANDUM OPINION**
**AND ORDER**
Criminal No. 09-23 ADM/JJG

Benjamin F. Langner, Esq., United States Attorneys' Office, Minneapolis, MN, for Plaintiff.

Reginald Scott Hubbard, pro se.

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of

Defendant Reginald Scott Hubbard's Motion for Rule 35(A) Advanced Query Correction or

Modification of Sentence Because of Medical Reasons, Rule 36(A) [Docket No. 111] ("Def.'s

Mot."). For the reasons set forth herein, Defendant's motion is denied.

## II.  BACKGROUND

On May 6, 2009, a jury found Hubbard guilty of being a felon in possession of a firearm,

in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).  [Docket Nos. 1, 73].  On October 26, 2009,

Hubbard, through counsel, filed a memorandum regarding his position with respect to sentencing

factors [Docket No. 86].  Hubbard did not raise the issue of his mental health.

On November 20, 2009, Judge James Rosenbaum presided at Hubbard's sentencing

hearing. During the hearing, neither Hubbard nor his counsel raised the issue of Hubbard's

mental health.[1] See Sentencing Hr'g Tr. [Docket No. 97] ("Sentencing Tr."). Judge Rosenbaum

found Hubbard "not credible under oath." Id. at 3. The court further observed that Hubbard had

demonstrated a willingness to fabricate stories in an attempt to avoid conviction. Id. at 6.

Hubbard was sentenced to 96 months of incarceration. Id. at 17.

Hubbard subsequently appealed his conviction and sentence to the Eighth Circuit,

arguing he was denied effective assistance of counsel and that the district court abused its

discretion by imposing a substantively unreasonable sentence. United States v. Hubbard, 638

F.3d 866 (8th Cir. 2011). Hubbard, represented by counsel, did not raise the issue of his mental

health on appeal. See id. On April 20, 2011, the Eighth Circuit affirmed the conviction and

sentence. Id.

On August 31, 2012, Hubbard filed a letter with Judge Rosenbaum asking for a reduction

in sentence because of mental health problems [Docket No. 109]. Due to Judge Rosenbaum's

retirement, Hubbard's case was reassigned to this Court. On September 18, 2012, the Court

wrote Hubbard to inform him that he should make his request for a reduction in sentence by

motion, preferably after consulting counsel [Docket No. 110]. On October 23, 2012, Hubbard

filed the present motion requesting a reduction in sentence. In it, Hubbard claims that he was

diagnosed with bipolar disorder and paranoid schizophrenia before his sentencing, and that he

did not realize the "full extent" of his mental health problems. Def.'s Mot. at 2. It appears that

---

[1]    At the end of his sentencing hearing, Hubbard confirmed his attorney's request that he
serve his sentence at the penitentiary in Rochester, Minnesota. Hubbard said, "Yes, Rochester.
They got a medical there." Sentencing Tr. 18. Nothing about this single statement indicates
Hubbard felt he was incompetent to stand trial, or that he deserved leniency in sentencing due to
mental illness. Given Judge Rosenbaum's doubts about Hubbard's credibility, the statement
deserves little weight.

in the alternative, Hubbard requests the appointment of counsel to pursue relief.  Id.

## III.  DISCUSSION

### A.  Modification Of Sentence

Hubbard's pro se motion must be construed liberally.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); See also Castro v. United States, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.").  When construed liberally, Hubbard's request for a reduction in sentence could arise under three statutes.  Each is addressed in turn below.

#### 1.  18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35

Hubbard cites "Rule 35(A)" in the title of his motion for the "correction or modification" of his sentence.  This citation is construed as referring to Rule 35 of the Federal Rules of Criminal Procedure.  Rule 35 may in turn implicate 18 U.S.C. § 3582(c), which provides for the modification of an imposed sentence in certain circumstances.  In this case, however, neither § 3582(c) nor Rule 35 provide any basis for a reduction in sentence.

Section 3582(c)(1)(A) states that the court, upon a motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment if it finds: (i) "extraordinary and compelling reasons warrant such a reduction"; or (ii) the defendant is at least 70 years of age  has served at least 30 years in prison, and is determined not to be a danger to any person or the community. Because the Director of the Bureau of Prisons did not bring the present motion, no reduction in sentence can be granted under this subsection.

Section 3582(c)(1)(B) states that the court may modify an imposed sentence to the extent

expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure. Rule 35 states that

the court may: (A) correct a sentence for an arithmetical, technical, or other clear error within 14

days of sentencing; or (B) reduce a sentence upon a motion by the Government, if the defendant

has provided "substantial assistance" in the investigation or prosecution of another person. Here,

Hubbard does not seek a reduction in sentence due to a miscalculation error, and the request is

untimely. Further, no issue has been raised in this case about substantial assistance to the

Government.

Section 3582(c)(2) states the court may reduce a term of imprisonment if the defendant

was sentenced based on a "sentencing range that has subsequently been lowered by the

Sentencing Commission . . . ." Hubbard does not cite any change in the sentencing guidelines

that might warrant a reduction in sentence, and the Court is not aware of any such change.

Because none of the provisions of 18 U.S.C. § 3582(c) or Rule 35 apply in this case,

Hubbard is not entitled to a reduction of sentence on these bases.

**2. "Rule 36(A)"**

In addition to Rule 35(A), Hubbard cites Rule 36(A) as a basis for relief in his motion.

Def.'s Mot. at 1. Hubbard does not identify which Rule 36(A) he refers to, but he argues that the

rule "allows parties to bring pertinent, newly discovered authorities to the court[']s attention

after their briefs have been filed and arguments made, as long as the court[']s decision is still

pending." Id. Rule 36 of the Federal Rules of Criminal Procedure pertains to correcting clerical

errors in the record, or errors resulting from "oversight or omission." Hubbard makes no

specific arguments in this respect, and an alleged failure to consider mental illness during

sentencing is not a clerical error or oversight. See United States v. Yakle, 463 F.3d 810, 811

(8th Cir. 2006). As a result, Rule 36 of the Federal Rules of Criminal Procedure affords

Hubbard no relief.

Two other possibilities exist. First, the Government notes that Hubbard's cited language

mirrors Rule 36A of the Rules of Practice and Procedure for the United States Court of Appeals

for the Armed Forces, which regards citations to supplemental authorities. Second, the cited

language also mirrors that found in Rule 28(j) of the Federal Rules of Appellate Procedure.

Neither rule applies to this motion because Hubbard is not filing an appeal before either

appellate court. See U.S. Ct. App. Armed Forces R. 4; Fed. R. App. P. 1.

### 3. 28 U.S.C. § 2255

As the Government anticipates, a liberal reading of the motion also warrants

consideration of 28 U.S.C. § 2255, which allows a defendant to collaterally challenge a sentence

for constitutional, jurisdictional, or other legal defects. To establish a viable § 2255 claim by

reason of mental health, Hubbard must demonstrate that he was mentally incompetent to stand

trial, as the "presence of a mental illness does not equate with incompetency . . . ." United States

v. Cook, 356 F.3d 913, 918 (8th Cir. 2004) (quotation omitted).

As a threshold matter, the Government is correct that Hubbard's potential § 2255 claim is

barred by the statute of limitations. Section 2255(f) applies a one-year statute of limitations for

all motions, which begins running from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Only the fourth event could potentially create a viable statute of limitations period for Hubbard's motion. However, Hubbard admits that he was diagnosed with bipolar disorder and paranoid schizophrenia <u>before</u> he was sentenced on November 20, 2009. Def.'s Mot. at 2. Neither Hubbard nor his attorney raised this diagnosis at the sentencing hearing, and over three years have since passed. As a result, § 2255(f) bars Hubbard from now raising a collateral attack against his sentence based on competence.

Tolling the statute of limitations is also inappropriate because Hubbard has not credibly demonstrated any "extraordinary circumstances," nor has he shown how the Government "lulled" him into inaction. <u>See</u> <u>United States v. Hernandez</u>, 436 F.3d 851, 858 (8th Cir. 2006). Again, Hubbard knew his mental health diagnosis before his sentencing several years ago. But at his sentencing, Hubbard spoke only regarding what he saw as flaws in the presentation of evidence at trial. Sentencing Tr. 9-14. Given Hubbard's own contentions—and Judge Rosenbaum's determination that Hubbard lacks credibility—no tolling is appropriate.

Even if Hubbard's potential § 2255 claim survived the statute of limitations, the record does not support a showing of incompetence. The record indicates that Hubbard did not raise the issue of his mental health at any point during his pretrial proceedings, during trial, or even after he claims he was diagnosed. Similarly, the record does not reflect any bizarre or symptomatic behavior, or observations of any mental difficulty on Hubbard's part during trial or at the sentencing hearing. Also, Hubbard did not raise the issue of his mental health on appeal. <u>See</u> <u>Hubbard</u>, 638 F.3d at 869. In short, nothing in the record suggests Hubbard's incompetence to

stand trial.  See, e.g., <u>Wheeler v. United States</u>, 340 F.2d 119, 120-21 (8th Cir. 1965) (affirming

denial of § 2255 motion under analogous circumstances).

## B.  Request For Counsel

Hubbard concludes his motion with a request for the appointment of counsel, stating that

he is indigent and does not have the knowledge or resources to hire his own counsel for

assistance in this matter.  Def.'s Mot. at 2.  The United States Supreme Court has held that "the

Sixth Amendment right to counsel does not extend beyond the first appeal."  <u>United States v.</u>

<u>Harris</u>, 568 F.3d 666, 668 (8th Cir. 2009) (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 756

(1991)).  The Eighth Circuit has also specifically held that there is no right to counsel for

motions brought under 18 U.S.C. § 3582(c) or 28 U.S.C. § 2255.  <u>Id.</u> (addressing § 3582); <u>see</u>

<u>also</u> <u>Baker v. United States</u>, 334 F.2d 444, 447-48 (8th Cir. 1964) (holding appointment of

counsel for § 2255 motions is within discretion of district court).

As discussed above, Hubbard has not demonstrated a legally viable basis for a reduction

in sentence.  <u>See</u> <u>United States v. Borrero</u>, No. 08-1160, 2009 WL 2005221, at *2 (D. Minn. July

8, 2009) (denying request for substitute counsel for § 3582(c) motion because motion was "not

well founded").  Hubbard's request for the appointment of counsel is denied.

**IV. CONCLUSION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant's Motion for Rule 35(A) Advanced Query Correction or

Modification of Sentence Because of Medical Reasons, Rule 36(A) [Docket No. 111] is

**DENIED**.


BY THE COURT:



     s/Ann D. Montgomery     
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 21, 2012.